### C. R. SMITH v. T. H. BRENNAN.

CONSTITUTIONAL LAW—REMOVAL OF COUNTY JUDGE.—Under section 24 of article 5 of the Constitution of 1876, the leave and sanction of the District Court affirmatively given to proceedings by a relator, are necessary to their validity; and upon the District Court dismissing a petition filed for that purpose, such action will not be revised on appeal.

APPEAL from Milam. Tried below before the Hon. Spencer Ford.

The facts are given in the opinion.

*A. P. Garrett,* for appellant.

*R. J. Boykin,* for appellee.

ROBERTS, CHIEF JUSTICE.—Appellant, C. R. Smith, on behalf of himself and of all other citizens in Milam county that would join him, filed an information in the District Court of said county, setting forth the causes for the removal of Thomas H. Brennan from the office of county judge of said county. The information was signed by said Smith himself in person, and not as attorney, and was not sworn to.

A citation was issued and served upon said Brennan, as in any ordinary suit. The style of the suit, as shown in the supplemental petition, containing fourteen separate charges, and in the motion to dismiss and in the judgment entry, was "*Ex-parte* Thomas H. Brennan."

The causes set forth for his removal show that it was designed to be, and was treated by the parties and by the court as, a proceeding under section 24 of article 5 of the Consti-

tution of 1876, which reads as follows, to wit: "County judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing, and the finding of its truth by a jury."

The said Brennan appeared by his attorneys, and moved "the court to quash and dismiss the petition in said cause, because the court has no jurisdiction to hear and determine said cause; for the reason that the same is instituted by C. R. Smith, a private citizen." The court sustained the motion, and dismissed the complaint; from which said Smith has taken an appeal to this court.

It is immaterial to consider whether the motion to dismiss assigned a good reason for dismissing the petition or not. It was dismissed; and failed thereby to have the leave and sanction of the court, affirmatively given, for the institution of this proceeding by a relator, by entering a rule against the said Brennan to show cause why he should not answer it, or in some such way recognizing it as a summary proceeding, permitted to be instituted and carried on in the District Court by the judge, under the said clause of the Constitution. Without some such sanction and recognition, a mere private citizen has no right of suit under said clause, as a relator on behalf of the State, for the removal of such county officer under said clause of the Constitution. (*Ex-parte* King, 35 Tex., 666; Gordon *v.* The State, 43 Tex., 339; Trigg *v.* The State, just decided at this term.)

Judgment affirmed.

AFFIRMED.