STATE OF TEXAS v. INTERNATIONAL AND GREAT NORTHERN RAILWAY COMPANY.

No. 413.—Decided May 25, 1896.

**1.  Quo Warranto. —Power of County Attorney.**

The County Attorney of Galveston County had no power under the Constitution of the State to file an information in the nature of quo warranto against the I. & G. N. Ry. Co. for "exercising power not conferred by law" in taking possession of the Galveston, Houston and Henderson Railway, operating the same and taking freights. Such power is conferred upon the Attorney-General by art. 4, sec. 22 of the Constitution and the power is exclusive. (P. 564.)

**2.  Same—Statute Unconstitutional.**

Article 4343, Rev. Stats., so far as it attempts to confer such power upon district and county attorneys, is unconstitutional and inoperative. (P. 565.)

**3.  Same—Constitution.**

Article 12, sec. 4 of the Constitution does not apply to such case, as freight charges are legally collectable and it is only alleged that they are collected by the wrong corporation. (P. 565.)

QUESTIONS CERTIFIED by the Court of Civil Appeals for the First District, in an appeal from Chambers County.

*C. A. Culberson,* Attorney General, and *Frank Andrews,* Assistant, for the State.—The railroad of the Galveston, Houston & Henderson Railroad Company is, by virtue of the inherent nature of such property, as well as by express provision of the Constitution, a public highway and property devoted to the public use, and no other person or corporation is authorized or permitted under the Constitution and laws of this State to demand, receive or collect any charges as freights, fares or tolls for the use of said property. Constitution, art. X, sec. 2; Railway v. Morris & Crawford, 67 Texas, 692; C. & M. R. Co. v. Morris & Crawford, 68 Texas, 49; Railway v. Rushing, 69 Texas, 306; Railway v. State, 75 Texas, 434.

The Galveston, Houston & Henderson Railroad property being, under the Constitution and laws of this State, devoted to the public use, the

county and district attorneys of this State are fully clothed, vested and charged with the power and duty to institute and maintain a suit for the purpose of preventing any other corporation or person from demanding, receiving or collecting any and all charges as freights, fares or tolls for the use of such property so devoted to a public use, the same not being authorized by law; therefore the county and district attorneys in this State had full power and authority to institute and maintain this suit for the purposes and to the effect alleged in the information. Constitution, art. 12, sec. 4; General Laws Special Session, 1879, chap. 48, p. 43; Morris & Cummings v. State, 62 Texas, 728.

The Act of 1879 providing for quo warranto proceedings authorizes county and district attorneys to institute and maintain such proceedings against corporations where they "exercise powers not conferred by law," and under this statute the county and district attorneys were authorized to institute and maintain this suit.

*John M. Duncan, Alex. G. Cochran, Winslow S. Pierce, S. N. Jones, Robert G. Street* and *Douglas & Jackson,* for appellee, the I. & G. N. Ry. Co.—Admitting that the International Company, in operating the road of the Galveston Company, and in collecting freights, fares and tolls thereon, is exercising a power not conferred by law, within the meaning of the Constitution and of the quo warranto statute, the County Attorney of Galveston County had no authority to institute and maintain this proceeding in the name of the State, and the District Attorney, prosecuting in Chambers County, had no authority to maintain same for the reason that authority in such cases is, by the Constitution, vested in the Attorney General. Constitution, art. 4, sec. 22; Constitution, art. 12, sec. 4; The State v. Moore, 57 Texas, 307; The State v. Paris Railway Co., 55 Texas, 76; Revised Statutes, chap. 48, sec. 1.

That the proceeding of quo warranto cannot be used, as is attempted in this case, for the purpose merely of limiting the exercise of an acknowledged function, but and only to prevent the exercise of a power not granted at all. Railway v. State, 75 Texas, 356; State v. Paris Railway Co., 55 Texas, 76; State v. Smith, 55 Texas, 447; People v. Whitcomb, 55 Ill., 172; High's Ex. Rem., secs. 617, 618, 649; Dart v. Houston, 22 Ga., 506.

Section 4 of article 12 of the State Constitution is not self-executing and has not been carried into effect by legislation; hence it cannot afford any ground for this quo warranto proceeding even if it would have application when carried into effect. Cooley's Con. Lim., 98, 99.

Railways and the collection of freights, wharfage, fares or tolls by railway companies were not intended to be controlled or regulated by sections 3, 4 and 5 of article 12 of the Constitution. See these sections, as also section 2, article 10, Revised Statutes, chapter 14.

DENMAN, ASSOCIATE JUSTICE.—In this cause the Court of Civil Ap-

peals have certified to this court question and explanatory statement as.
follows:

"This was an information in the nature of quo warranto, instituted in
the name of the State by the County Attorney of Galveston County, in
the District Court thereof, by leave of the judge of said court, against
the International and Great Northern Railroad Company, a private rail-
way corporation, existing and operating railroads under the laws of
Texas, charging that it was exercising a power not conferred upon it by
law and demanding, receiving, and collecting charges, as fares or tolls,.
without being authorized to do so by law. The particular acts charged
against defendant may be briefly stated as follows, to indicate their na-
ture: "that on or about the 12th day of July, 1892, the defendant, with-
out warrant or authority of law, seized and took possession of all and
singular the railroad of the Galveston, Houston and Henderson Railroad
Company, also a railroad corporation and a common carrier and its road
a public highway, and all equipment and property appurtenant there-
to, and usurped all the functions, powers, and franchises of said Gal-
veston Company, and was exclusively possessing and monopolizing said
Galveston Company's railroad, and had continuously since that date,.
and was then demanding, receiving and collecting, without any au-
thority whatever of law, all charges, as freight, fares and tolls for the
use of said Galveston, Houston and Henderson Railroad; that defend-
ant was not by any of the acts creating it nor by the Constitution or gen-
eral laws of Texas given any right, power or authority whatsoever to
possess, use, operate, manage or control said public highway, nor to
demand, receive or collect any of the charges as freights, fares for the
use of said public highway, nor to exercise, appropriate or use any of the
rights, privileges, functions or franchises granted to or conferred upon
said Galveston, Houston and Henderson Railroad Company, and that
in possessing, using, operating, managing, controlling and withholding
the aforesaid public highway, and in demanding, receiving and collect-
ing charges, as freight, fares or tolls, for the use of said public high-
way, of all persons for the use by them of the same, and in usurping,.
intruding into, exercising, appropriating, using and withholding the
rights, privileges, functions and franchises granted to, conferred upon
or imposed upon said Galveston, Houston and Henderson Railroad Com-
pany, said defendant had exercised and was exercising power not con-
ferred upon it by law, and was demanding, receiving and collecting
charges, as freight, fares or tolls, for the use of said public highway,
without being authorized so to do by law.

"A change of venue in the cause was granted by the Galveston court
to Chambers County, and there the District Attorney appeared for the
State and filed pleadings in its name and prosecuted the action in its be-
half.

"On demurrer of defendant the cause was dismissed by the court below
on the ground that neither the County Attorney nor District Attorney
had authority to institute or conduct the proceeding.

"The question is certified to the Supreme Court: whether or not under .our Constitution and laws those officers are clothed with such authority?"

If the district or county attorney had authority to institute the proceedings in question it must be found in the following statute:

"Section 1.   Be it enacted by the Legislature of the State of Texas, that in case any person shall usurp, intrude into, or unlawfully hold or execute, or is now intruded into, or now unlawfully holds or executes any office or franchise, or any office in any corporation created by the authority of this State, or any public officer shall have done or suffered any act which by the provisions of law works a forfeiture of his office, or any association or number of persons shall act within this State as a corporation without being legally incorporated, or any .incorporation does or omits any act which amounts to a surrender or a forfeiture of its rights and privileges as a corporation, or exercises powers not conferred by law, or if any railroad company doing business in this State shall charge an extortionate rate for the transportation of any freight or passengers, or refuse to draw or carry the cars of any other railroad company over its line as required by the laws of this State, the attorney general or district or county attorney of the proper county or district, either of his own accord or at the instance of any individual relator, may present a petition to the District Court of the proper county or any judge thereof, in vacation, for leave to file an information in the nature of a quo warranto in the name of the State of Texas;  and if such court or judge shall be satisfied that there is probable ground for the proceeding, the court or judge may grant the petition and order the information to be filed and process to issue."   (Acts 1879, Special Session, p. 43;  Rev. Stats., 1895, art. 4343.)

It is too clear to admit of discussion that, under the facts above stated by the Court of Civil Appeals, this case does not come under either of the instances in which the information is authorized by said statute to be filed unless it be the one providing for it where any "incorporation * * * exercises power not conferred by law."   Without expressing any opinion thereon, we will assume for present purposes that such facts show that the railroad was "exercising power not conferred by law." The question then confronts us, whether said statute, in so far as it attempts to confer upon the district and county attorneys authority to institute a proceeding in the name of the State against a corporation on the ground that it "exercises power not conferred by law," is constitutional.

Article 4, section 22, of the Constitution, provides that "the Attorney General, * * * shall * * from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power * * not authorized by law."

Article 5, section 21, of the Constitution, provides that "the county attorney shall represent the State in all cases in the district and inferior

courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall, in such counties, be regulated by the Legislature."

There is no provision of the Constitution attempting to confer upon the district or county attorneys the specific authority conferred upon the Attorney General by the language above quoted from article 4, sec. 22.

In discussing these two sections of the Constitution in State v. Moore, 57 Texas, 309, this court, through Stayton, J., say, "These two sections taken together render it evident that it was not intended to confer upon county attorneys the power, or to impose upon them the duty, of representing the State in all suits in the district and inferior courts; for it is made the express duty of the Attorney General to prosecute certain classes of suits which can only be prosecuted in the district courts of the State. The State ex rel. Clement v. The Paris R'y Co., Austin Term, 1881," and "it must be presumed that the Constitution, in selecting the depositaries of a given power, unless it be otherwise expressed, intended that the depository should exercise an exclusive power, with which the Legislature could not interfere by appointing some other officer to the exercise of the power." We are of opinion that the conferring upon the Attorney General of the specific authority to "take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power * * not authorized by law" evidences an intent to make such authority exclusive in such officer, and must be held as an exception to the general authority conferred upon the county attorney to "represent the State in all cases in the district and inferior courts in their respective counties."

It results that the statute above quoted, in so far as it attempts to confer upon the district and county attorneys authority to institute the proceeding in this cause, is unconstitutional and void, unless there be some other constitutional provision authorizing the Legislature to confer upon the district and county attorneys concurrent jurisdiction with the Attorney General in such cases. It is contended that article 12, section 4, which provides that, "The first Legislature assembled after the adoption of this Constitution shall provide a mode of procedure by the Attorney General and district or county attorneys, in the name and behalf of the State, to prevent and punish the demanding and receiving or collection of any and all charges, as freight, wharfage, fares or tolls, for the use of property devoted to the public, unless the same shall have been specially authorized by law," authorizes the Legislature so to do. This section applies to a case where charges are demanded for the use of property devoted to the public in the absence of a law specially authorizing such charges, as where tolls are attempted to be charged for the use of a public bridge or highway in the absence of a law authorizing same; but it has no application to the case at bar where it is not contended that freight, etc., are not authorized by law to be demanded, received

and collected in the operation of the Galveston, Houston & Henderson Railroad, but the contention is that the International and Great Northern Railroad Company is not the proper person to demand, receive and collect same. Since we are of opinion that this section has no application to the case before us it becomes unnecessary for us to express any opinion as to whether this court was correct in its conclusions in Morris and Cummins v. State, 62 Texas, 734, to the effect that the Act of 1879 above quoted was passed in pursuance of and carried into effect. Constitution, art. 12, sec. 4, or whether such holding was necessary to a determination of the case. However this may be, it seems that in that case the contention of the county attorney was that there was no law authorizing the collection of tolls on freight passing through the channel, and not merely that they were being collected by the wrong person, as in the case before us.

We are therefore of opinion that said statute is unconstitutional and void, in so far as it attempts to confer upon district and county attorneys authority to institute the proceeding in this cause, and we answer the question certified, that they had no such authority.