**STATE ex rel. HANCOCK et al. v. ENNIS, Sheriff.**

**No. 11623.**

Court of Civil Appeals of Texas. San Antonio.

May 1, 1946.

Rehearing Denied May 29, 1946.

John R. Beasley, of Beeville, Morriss & Morriss, of San Antonio, and John M. Turner, of Beeville, for appellants.

152

Tarlton, Koch & Hale, of Corpus Christi, Reese Wade, of Beeville, and Jerry D'Unger, of Corpus Christi, for appellee.

PER CURIAM.

This is an appeal prosecuted from an order of the district court dismissing ouster proceedings brought against R. V. Ennis, the Sheriff of Bee County.

The suit was instituted by the State of Texas, acting by and through Alex F. Cox, the duly elected and qualified district attorney of the 36th Judicial District, which district includes Bee County. J. M. Hancock and nineteen other citizens of Bee County joined in the petition as relators.

Numerous charges of malfeasance in office were made against the sheriff. These charges if true would authorize the rendition of a judgment of ouster.

On November 24, 1945, the petition was filed and the district judge entered an order directing Ennis to appear on December 10, 1945, and show cause, if any he had, why the prayer of the petition should not be granted.

The sheriff answered and, after various amendments of pleadings and further proceedings, not necessary to mention here, the district attorney, on February 8, 1946, filed the following motion:

"Now comes Plaintiff, the State of Texas, by and through Alex F. Cox, District Attorney, and says that it will not further prosecute its said suit as against the defendant, R. V. Ennis.

"Wherefore, judgment of the court is prayed that said suit be dismissed.

"(Signed) Alex F. Cox,
 "District Attorney, 36th
 Judicial District of Texas,
 For the State."

This motion was resisted by the relators but granted by the court. The order of dismissal recites that "the Court is of the opinion that the District Attorney, by virtue of his office is constituted the leading counsel in said suit and is clothed with discretion either to prosecute or move to dismiss this suit, and the said District Attorney having moved to dismiss same, the Court is of the opinion that said Motion should be in all things granted."

The question presented relates to the right or authority to control the course of litigation of the character here involved. It was the desire of the district attorney to discontinue the suit. This was contrary to the wishes of the relators, who insisted that the suit should be prosecuted to final judgment.

This is a suit invoking a remedy which "belongs to the state, in its sovereign capacity, to protect the interests of the people as a whole and guard the public welfare by ousting incumbents of office who wrongfully hold to the injury of the public." State Railroad Commission v. People, 44 Colo. 345, 98 P. 7, 11, 22 L. R.A.,N.S., 810; Staples v. State, 112 Tex. 61, 245 S.W. 639. It is not alleged in the petition that the relators have suffered or are threatened with some damage peculiar to themselves as individuals, as a result of the alleged acts of the sheriff complained of. The right sought to be enforced by this suit is therefore a public right as distinguished from a private right. City of San Antonio v. Strumberg, 70 Tex. 366, 7 S.W. 754.

In Staples v. State ex rel. King, 112 Tex. 61, 245 S.W. 639, the Supreme Court discussed the prior case of Maud v. Terrell, 109 Tex. 97, 200 S.W. 375, 376, and pointed out that said decision was authority for the proposition that even the Legislature was without authority under the Constitution to restrict the exclusive powers of the county attorneys or district attorneys and the Attorney General to represent the State. The following excerpt from the opinion of Chief Justice Phillips in Maud v. Terrell was quoted with approval:

"That instrument (the Constitution), by Section 21 of Article 5, lodges with the county attorneys the duty of representing the State in all cases in the district and inferior courts, with the right in the Legislature to regulate by law the respective duties of district and county attorneys where a county is included in a district having a district attorney; and by Section 22 of Article 4 that duty as to suits and pleas in the Supreme Court is confided to the Attorney-General. With the limitation ex-

isting in the authority of the Legislature, under Section 22 of Article 4, to create additional causes of action in favor of the State and entrust their prosecution, whether in the trial or in the appellate courts solely to the Attorney-General, the powers thus conferred by the Constitution upon these officials are exclusive. The Legislature cannot devolve them upon others. Nor can it interfere with the right to exercise them. Brady v. Brooks, 99 Tex. 366, 89 S. W. 1052; Harris County v. Stewart, 91 Tex. 133, 41 S.W. 650; State v. International & G. N. R. Co., 89 Tex. 562, 35 S. W. 1067. It may provide assistance for the proper discharge by these officials of their duties, but since in the matter of prosecuting the pleas of the State in the courts the powers reposed in them are exclusive in their nature, it cannot, for the performance of that function, obtrude other persons upon them and compel the acceptance of their services. Wherever provision is made for the services of other persons for this express purpose, it is the constitutional right of the Attorney-General and the county and district attorneys to decline them or not at their discretion, and, if availed of, the services are to be rendered in subordination to their authority."

 The appellants here, who were the relators below, do not rely upon a grant of statutory authority to maintain this suit, but insist that Article 5, § 24 of the Constitution, Vernon's Ann.St., vests such authority in them. We are unable to agree with this contention. Article 5, § 21, and Article 5, § 24, being parts of the same Constitution must of necessity be construed together.

In State ex rel. Downs v. Harney, Tex. Civ.App., 164 S.W.2d 55, this Court dismissed an ouster suit brought against the Sheriff of Nueces County by the Attorney General of Texas, upon the relation of certain citizens of Nueces County. The basis of the dismissal was the holding that the Attorney General was not authorized to maintain an ouster suit against a sheriff. It would seem to follow that if the Attorney General could not maintain the suit upon the relation of citizens of the county affected, then likewise such suit could not be maintained by private individuals alone appearing in the capacity of relators.

However, appellants point out that in the Harney case the Attorney General prosecuted the appeal and the primary issue involved was the authority of the Attorney General to maintain the suit and not the authority of the relators.

In support of their contention that the relators, despite the district attorney's action, entitled to proceed with the suit, appellants rely upon Trigg v. State, 1878, 49 Tex. 645. In that case V. C. Giles and others, citizens of Travis County, presented a petition to the district judge of Travis County seeking the ouster of Trigg from the office of county attorney of Travis County, by reason of his alleged habitual drunkenness and official misconduct. The case was tried to a jury which found Trigg guilty of the charges made against him and he was removed from office. Trigg appealed to the Supreme Court and the judgment of ouster was reversed and the "cause remanded for such action, if any, as the district judge, upon his own responsibility, and under the duty imposed on him by the Constitution, may see proper to direct."

In the Supreme Court, Trigg contended, among other things, that "Section 24 of Article 5 of the Constitution, under which this proceeding is instituted, does not execute itself, and no steps can be taken under it until the Legislature shall have prescribed how, when, where, on what, etc., it shall be instituted and conducted."

This contention was overruled by the majority of the court in an opinion by Chief Justice Roberts. Associate Justice Moore dissented from the holding that the constitutional provision was self-enacting.

Chief Justice Roberts in the majority opinion discusses at some length the procedural requisites of an ouster proceeding under the constitutional provision.

Fundamentally, the Chief Justice's concept of Article 5, § 24, of the Constitution of 1876, was that it was an advance upon the mode provided for the removal of county officers in the Constitution of 1869. Under the 1869 Constitution a district clerk or a sheriff was "subject to removal by the judge of the district court

for said county, for cause spread upon the minutes of the court." Article 5, §§ 9, 18, Constitution of 1869. The nature of the remedy provided for by the then new Constitutional provision of 1876 is discussed in the light of precedents applicable to the former constitution.

As to the nature of the proceedings, Judge Roberts said:

"There was a propriety in the style given this case in the court below, of 'The State v. Bingham Trigg'; for it is emphatically a proceeding on the part of the State to remove an officer from the service of the State and County."

As to procedure, it was said that the district judge should determine that the charge was in proper form and that there were good grounds for believing that it has a reasonable foundation. "It would seem proper, also, for the district attorney or county attorney, when not disqualified, to prosecute the case on behalf of the State,—not doubting, however, the authority of the judge to request other attorneys to act, where the State, for any cause, is not otherwise represented, or to act as assistants of the State's counsel. These suggestions, in relation to the proper practice in this proceeding, are drawn by analogy from 'informations in the nature of a quo warranto' as practiced in England, and in many of the American States, for the removal of an officer from his office."

There are many features in the Trigg case which distinguish it from the case at bar. In Trigg's case the trial judge permitted counsel for V. C. Giles and other citizens of Travis County to control and conduct the litigation on behalf of the State. In this connection, it might be mentioned that as Trigg was the County Attorney he was obviously disqualified to control this proceeding. No qualified official of the State appeared in the Trigg case and asserted his authority to control the litigation on behalf of the State. The appeal in the Trigg case was from a judgment of ouster and not from an order of dismissal. It is apparent that under Judge Roberts' view of a constitutional ouster proceeding (Article 5, § 24), the position of the district judge is of primary importance. For a discussion of the district judge's power to dismiss an ouster proceeding brought under Article 5, § 24, of the Constitution, see Smith v. Brennan, 49 Tex. 681, opinion also by Chief Justice Roberts.

We do not regard the Trigg case as controlling here. While it is stated in the opinion that the district judge may "request other attorneys to act, where the State, for any cause, is not otherwise represented," the district judge in the present case made no such request, but, on the contrary, acceded to the district attorney's request that the suit be discontinued.

We are further of the opinion that to extend by implication the holdings of the Trigg case so as to support appellants' contentions here would be to run counter to and conflict with other and later decisions of the Supreme Court. Staples v. State, 112 Tex. 61, 245 S.W. 639; Reeves v. State, 114 Tex. 296, 267 S.W. 666.

Appellants attempt to make a differentiation among the authorities based upon distinctions existing between quo warranto suits, suits in the nature of quo warranto ouster suits, and other suits to which the State in its sovereign capacity is a party. These distinctions are important in certain respects, such as in determining which state official may represent the State in a particular proceeding. State ex rel. Downs v. Harney, Tex.Civ.App., 164 S.W. 2d 55. But the issue here has reference to the asserted right of private individuals to maintain a suit which "is emphatically a proceeding on the part of the State," despite the action of a proper state official, the district attorney, in requesting a discontinuance.

We conclude upon Supreme Court authority that the trial court did not err in granting the motion of the district attorney and dismissing the suit.

The order of dismissal is affirmed.