

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

February 14, 1948

Hon. Cullen B. Vance
County Attorney
Jackson County
Edna, Texas

Opinion No. V-503

Re: Duty of the County Attor-
ney to represent the
State in a suit brought
to remove an official of
a county which is includ-
ed in a district where
there is a district at-
torney.

Dear Sir:

We refer to your recent letter to this Depart-
ment which reads, in part, as follows:

"Section 21 of Article 5 of the State
Constitution provides that county attorneys
shall represent the State in all cases in
the district and inferior courts in their
respective counties, but provides that the
respective duties of district attorneys and
county attorneys shall be regulated by the
Legislature where the county is included in
a district in which there is a district at-
torney. Jackson County is located where there
is a district attorney. No legislative enact-
ment, so far as I have been able to find, has
been made under the above section of the Con-
stitution.

"The question presented is whether it
is my duty to represent the State in a suit
for removal of a county official, or whether
this duty is imposed upon the District At-
torney."

Section 21, Art. V, of the State Constitution
provides, in part, that:

"The county attorneys shall represent
the State in all cases in the District and
inferior courts in their respective coun-

ties, but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature."

Section 24, of Article V, is as follows:

"County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury."

Article 5970, V. C. S., provides, in part, as follows:

"All district and county attorneys, county judges, commissioners, clerks of the district and county courts and single clerks in counties where one clerk discharges the duties of district and county clerk, county treasurer, sheriff, county surveyor, assessor, collector, constable, cattle and hide inspector, justice of the peace and all county officers now or hereafter existing by authority either of the Constitution or laws, may be removed from office by the judge of the district court for incompetency, official misconduct or becoming intoxicated by drinking intoxicating liquor, as a beverage, whether on duty or not; . . ."

In the case of State v. Harney, 164 S. W. (2d) 55, the court in passing upon the question of whose duty it was to bring suit to remove the sheriff of Nueces County, where there was a Criminal District Attorney and a County Attorney, held that:

"We conclude that such power and duty vests in the county attorney under Sec. 21, Art. 5, of the Constitution, quoted above, which provides that 'the county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties.'"

In the case of State v. Ennis, 195 S. W. (2d) 151, even though the court held it was the duty of the District Attorney to bring a suit for the removal of the sheriff for official misconduct, we do not believe that the court intended that this was an exclusive duty of the District Attorney.  On the contrary, we think that the court implied that it was not the exclusive function of the District Attorney since the court cited the Harney Case with approval.

Moreover, in the case of Reeves v. State, 267 S. W. 666, which was for the removal of a sheriff for misconduct of office, the court held that in an action to oust a county officer that such action must be brought by a County or District Attorney.

Therefore, in view of the foregoing, it is the opinion of this Department that it is the duty of both the County and District Attorney to represent the State in a suit for removal of a county official, but such duty is not exclusively that of either.

## SUMMARY

It is the duty of both the County Attorney and District Attorney to represent the State in a suit for removal of a County Official, but such duty is not exclusively that of either.  Section 21, Art. V, State Constitution; State v. Harney, 164 S. W. (2d) 55; State v. Ennis, 195 S. W. (2d) 151; Reeves v. State, 267 S. W. 666.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Bruce Allen

Bruce Allen
Assistant

APPROVED:

ATTORNEY GENERAL

BA:mw