John Ben SHEPPERD et al., Appellants,

v.

Ignacio ALANIZ et al., Appellees.

No. 13187.

Court of Civil Appeals of Texas.

San Antonio.

June 12, 1957.

Will Wilson, Atty. Gen., J. W. Wheeler, Riley Eugene Fletcher, John R. Lennan, Asst. Attys. Gen., for appellant.

Eskridge, Groce & Hebdon, Rudy Rice, San Antonio, Gordon Gibson, E. James Kazen, Dist. Atty., Laredo, for appellees.

W. O. MURRAY, Chief Justice.

This is an appeal from an order of the 49th District Court of Webb County at Laredo, granting a temporary injunction commanding Honorable John Ben Shepperd, Attorney General of the State of Texas, Davis Grant, Assistant Attorney General, William King, Assistant Attorney General, Frank Pinedo, Assistant Attorney General, and Dan Moody, Jr., Esq., "to desist and refrain from resuming or continuing the colorable hearing commenced by defendant Moody in Webb County, Texas, on August 1, 1956, from opening the ballot boxes used in said primary election and inspecting or counting the ballots cast in said election, from examining the records thereof, and from issuing or causing to be issued any subpoenas to witnesses or otherwise seeking to cite or interrogate any witnesses under oath in connection with said attempted hearing or with said Cause No. 104,803, from causing the individual plaintiffs to be cited for contempt of the 98th District Court as aforesaid, or attempting in any manner to have them punished as for contempt, and to desist and refrain from further prosecution of said Cause No. 104,-803 in the 98th District Court of Travis County, and from taking any further or other action in that or any other court concerning the primary election held in Webb County July 28, 1956, or the run-off primary election to be held August 25, 1956, or the conduct thereof under color or authority of any provision of Section 130 of the Texas Election Code (Art. 9.02 of Vernon's Texas Election Code) until the final trial of this cause or the further order of this court."

The validity of the above described temporary injunction depends upon whether or not Section 130 of the Texas Election Code has the effect of giving to the Attorney General of Texas the exclusive power to investigate the conduct of the General Primary Election held in Webb County on July 28, 1956, and the making, canvassing, or reporting of the returns, and the

exclusive authority to impound all of the election returns in the hands of any County Clerk, District Clerk, or any other election official, by applying for and obtaining an order of a District Court, placing such election returns in the custody of the court, to be examined by the Attorney General in the presence of the District Judge or Grand Jury, and whether or not the Attorney General has the exclusive power to do the other things which are provided by said Section 130 of the Election Code. If the Attorney General of Texas has only concurrent power, along with the District Attorney of the 49th Judicial District of Texas, to investigate the conduct of said election, to impound the ballots and do the other things provided for in said Section 130, then, and in such event this temporary injunction would be proper, because the District Attorney of Webb County has first exercised this jurisdiction, and instituted a proceeding in the 49th District Court of Webb County, seeking to do the things provided for in said Section 130, and having thus assumed jurisdiction of the matter, he would have exclusive jurisdiction to proceed with it, and the Attorney General would not be authorized to institute another proceeding for the same purpose in the 98th District Court of Travis County, Texas.

Thus we come to a consideration of the respective duties of the District Attorney and County Attorney, on one hand, and the Attorney General, on the other, in the investigation of the conduct of elections and the prosecution of any election law violation that may be discovered.

Article 5, Sec. 21, of the Texas Constitution, Vernon's Ann.St., authorizes the County Attorney, and in some instances the District Attorney, and makes it their duty, to represent the State of Texas in all cases in the district or inferior courts of their respective counties, while Article 4, Sec. 22, of the Texas Constitution makes it the duty of the Attorney General to represent the State in all suits and pleas in the Supreme Court of the State, to which the State may be a party. Thus the question arises whether or not the Legislature has the power to give to the Attorney General the exclusive power to represent the State in District Courts, for the purpose of investigating the conduct of elections or impounding the ballots and prosecuting any violations of the election law which he may discover. If this exclusive right is properly given to the Attorney General and it is not in violation of the Constitution, Article 5, Section 21, then the temporary injunction issued by the 49th District Court of Webb County should be dissolved. There is no conflict here between the District Attorney and County Attorney of Webb County. Both are attempting to uphold the jurisdiction of the 49th District Court of Webb County. Therefore, the question here presented is the constitutional powers and duties of the District and County Attorneys, on the one hand, and the Attorney General, on the other.

One of the early cases in which this question was discussed is that of State v. Moore, 57 Tex. 307. The Legislature had passed an Act making it the duty of the Attorney General to inspect the accounts in the office of the State Treasurer and Comptroller of Public Accounts, of all officers and all individuals charged with the collection and custody of funds belonging to the State and to proceed immediately to institute or cause to be instituted, against any such officer or individual who is in arrears, a suit for the recovery of funds in their hands. Judge Stayton in speaking for the Supreme Court said, in effect, that the Attorney General would have power to institute and prosecute a suit for money due the State in any county in which there might not be a county or district attorney, and that the Attorney General might, in connection with the proper district or county attorney, prosecute such suits, but that he could not deprive county

or district attorneys of their freedom of action as to the method of managing and conducting the case further than by advisory methods, otherwise the Legislature would have the power to impose upon the Attorney General the powers which the Constitution expressly conferred upon county and district attorneys. Judge Stayton further holds that the power of county and district attorneys to represent the State in all district and inferior courts is an exclusive right.

The above authority was somewhat modified in the case of Brady v. Brooks, 99 Tex. 366, 89 S.W. 1052. That case involved the power of the Legislature to give to the Attorney General the right to bring a suit in the district court on behalf of the State of Texas for the collection of taxes imposed by law on railroad corporations, express companies and sleeping car companies. The Court held that under the provisions of Sec. 22 of Art. 4, of the State Constitution, the Legislature did have this power, but at the same time stated that it is the principal function of district and county attorneys to prosecute the pleas of the State in criminal cases in the district and inferior courts.

A later case, discussing the same question, is Maud v. Terrell, 109 Tex. 97, 200 S.W. 375, 376, which involved the right of the Comptroller to contract with persons to collect inheritance taxes. The validity of the Act was challenged upon the ground that its necessary effect was to substitute the person or persons whom the Comptroller employed for the County Attorney of the State in the prosecution of suits in the State for such taxes in the district and inferior courts. The Court held that the Act did not attempt to deprive the district and county attorneys of their right to represent the State in the district and inferior courts and therefore was constitutional. The Court further held that the persons employed by the Comptroller were simply to assist the county and district attorneys where such assistance was desired. Chief Justice Phillips, speaking for the Supreme Court, said:

"With the limitation existing in the authority of the Legislature, under Section 22 of Article 4, to create additional causes of action in favor of the State and intrust their prosecution, whether in the trial or in the appellate courts, solely to the Attorney-General, the powers thus conferred by the Constitution upon these officials are exclusive. The Legislature cannot devolve them upon others. Nor can it interfere with the right to exercise them. Brady v. Brooks, 99 Tex. 366, 89 S.W. 1052; Harris County v. Stewart, 91 Tex. 133, 41 S.W. 650; State v. International & Great Northern Railroad Co., 89 Tex. 562, 35 S.W. 1067. It may provide assistance for the proper discharge by these officials of their duties, but since in the matter of prosecuting the pleas of the State in the courts the powers reposed in them are exclusive in their nature, it cannot, for the performance of that function, obtrude other persons upon them and compel the acceptance of their services. Wherever provision is made for the services of other persons for this express purpose, it is the constitutional right of the Attorney-General and the county and district attorneys to decline them or not at their discretion, and, if availed of, the services are to be rendered in subordination to their authority. * * *

"These provisions do not unequivocally supplant the county attorneys and the Attorney-General in their authority to prosecute the suits of the State for the recovery of the taxes. These officers are not to be held as dispossessed of that authority by the Act unless by language to be found in the Act it is given to the Comptroller's appointee plainly to their exclusion. There is no language in the Act which certainly has that effect. The

first provision quoted, with reference to its being the duty of the person employed by the Comptroller 'to look specially after, sue for and collect the taxes' may be said, literally, to empower such person to institute suits, but it does not exclude the idea that this shall be in subordination to the authority of the county attorney. There is nothing in the language indicative of an intention to confer upon such person an exclusive power. If not, it will be presumed that the Legislature intended he should act in that relation under the authority of the county attorney and in such way as not to infringe upon the latter's powers, and the language will be so construed. It is not unreasonable to ascribe to the Legislature the view that the county attorneys of the State, with their important general duties demanding efficient discharge, would not hesitate to avail themselves of the services of an assistant thus provided for the special purpose of enforcing the collection of these particular taxes, or to suppose it was upon such assumption that this duty was defined."

■■ It has always been the principal duty of the district and county attorneys to investigate and prosecute the violation of all criminal laws, including the election laws, and these duties cannot be taken away from them by the Legislature and given to others. If Sec. 130 of the Election Code should be construed as giving such powers exclusively to the Attorney General, then it would run afoul of Sec. 21

of Article 5 of the Constitution and would be void.

We do not deem it necessary to pass upon the question as to whether or not the Attorney General may have concurrent power with the district and county attorneys to investigate and prosecute violations of the election law by reason of said Section 130, because if the Attorney General only has concurring power or subordinate power over such things, then clearly he did not have the power to institute a separate proceeding in the 98th District Court of Travis County to investigate and prosecute violations of the election code in the Webb County election, and thereby oust the jurisdiction of the 49th District Court of Webb County, in which the district attorney of that district had already filed a suit and thereby invoked and gave to that court active and exclusive jurisdiction over such matters. The Attorney General and his assistants were invited to join and assist the District Attorney in the prosecution of the cause in the 49th District Court, but this they refused to do and insisted that under the provisions of Section 130 of the Election Code the District Court of Travis County, in which they had instituted a later suit, had exclusive jurisdiction of the matter and that the District Attorney was without authority to maintain the cause of action he had instituted in the 49th District Court.

The order of the Judge of the 49th District Court of Webb County, granting the temporary injunction as prayed for, is in all things affirmed.