

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

GONER CARR
RNEY GENERAL

Overruled by MW-24
Where inconsistent
overruled by
m-1199 where
conflicts

November 23, 1966

Hon. Criss Cole, Chairman
Senate Committee Study of
  Nursing Profession Needs
Capitol Building
Austin, Texas

Opinion No. C-782

Re: Whether it is legal for
the laws concerning the
actions of a Texas state
agency to provide that an
agency shall retain legal
counsel to represent that
agency.

Dear Senator Cole:

        You have requested an opinion from this office on
the above stated matter.  We quote from your letter as follows:

        "As Chairman of this Senate Committee
studying nursing profession needs in the
State of Texas, I request that you furnish
the committee an opinion as to whether it is
legal for the laws concerning the actions of
a Texas state agency to state that an agency
'shall retain legal counsel' to represent that
agency.

        "I have particular reference to a state
agency that would be a licensing agency.
Example:  Board of Nurse Examiners.

        "We are concerned as to the legality of
the statutes, or Act creating the agency and
giving provisions by which this agency shall
operate, saying that this agency shall retain
its own legal counsel to represent that agency.
Our question is whether such language written
into an Act by amendment would be legal.

        "Of course many of us have long felt that
the Attorney General of Texas is the attorney
for all state agencies."

-3750-

In 1947 this office rendered an opinion (V-403) for the Honorable R. G. Hughes, Chairman, State Board of Plumbing Examiners, to the effect that there was no express or implied authority in the Plumbing License Law for the board to have its own legal department for counsel and enforcement purposes. The basis for Attorney General's Opinion V-403 is the fact that the Plumbing License Law did not expressly provide for the agency having its own legal counsel, and that the constitutional provisions relating to the powers of the Attorney General and the district and county attorneys to represent the state negated any implied powers in the board to engage its own legal department.

That opinion did not answer the question presented here, i.e. whether the Legislature may expressly provide that an agency may have its own legal counsel to represent the agency in court.

Section 22 of Article IV, Vernon's Texas Constitution, provides:

"The Attorney General shall hold office for two years and until his successor is duly qualified. He shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party, . . .and give legal advice in writing to the Governor and other executive officers, when requested by them, and perform such other duties as may be required by law. . . ." (Emphasis added)

Section 21 of Article V, Vernon's Texas Constitution, provides:

". . .The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature. . . ." (Emphasis added)

The Supreme Court of Texas in Maud v. Terrell, 109 Tex. 97, 200 S.W. 375 (1918) construed the above quoted provisions of our Constitution. The Court at page 376 stated:

"That instrument, /the Constitution7 by Section 21 of Article 5, lodges with the County

Attorneys the duty of representing the State
in all cases in the district and inferior courts,
with the right in the Legislature to regulate by
law the respective duties of district and county
attorneys where a county is included in a district
having a district attorney; and by Section 22 of
Article 4 that duty as to suits and pleas in the
Supreme Court is confided to the Attorney-General.
With the limitation existing in the authority of
the Legislature, under Section 22 of Article 4,
to create additional causes of action in favor
of the State and intrust their prosecution,
whether in the trial or in the appellate courts,
solely to the Attorney-General, the powers thus
conferred by the Constitution upon these officials
are exclusive.  The Legislature cannot devolve
them upon others, nor can it interfere with the
right to exercise them.  Brady v. Brooks, 99 Tex.
366, 89 S.W. 1052; Harris County v. Stewart, 91
Tex. 133, 41 S.W. 650; State v. International &
Great Northern Railroad Co., 89 Tex. 562, 35 S.W.
1067.  It may provide assistance for the proper
discharge by these officials of their duties,
but since in the matter of prosecuting the pleas
of the State in the courts the powers reposed in
them are exclusive in their nature, it cannot,
for the performance of that function, obtrude
other persons upon them and compel the acceptance
of their services.  Wherever provision is made
for the services of other persons for this ex-
press purpose, it is the constitutional right
of the Attorney-General and the county and
district attorneys to decline them or not at
their discretion, and, if availed of, the
services are to be rendered in subordination
to their authority."  (Emphasis added.)

Subsequent to the case of Maud v. Terrell, supra,
there has been considerable litigation over whether the county
and district attorneys or the Attorney General would represent
the State in various proceedings in the trial or appellate courts.
Staples v. State ex rel King, 112 Tex. 61, 245 S.W. 639 (1922);
Allen v. Fisher, 118 Tex. 38, 9 S.W.2d 731 (1928); State ex rel
Downs v. Harvey, 164 S.W.2d 55 (Tex.Civ.App. 1942, writ ref.
w.o.m.); State ex rel Hancock v. Ennis, 195 S.W.2d 151 (Tex.Civ.
App. 1946, writ ref. n.r.e.); State Board of Dental Examiners
v. Bickham, 203 S.W.2d 563 (Tex.Civ.App. 1947 n.w.h.); State v.
Walker-Texas Investment Co., 325 S.W.2d 209 (Tex.Civ.App. 1959)

affm'd in Smith v. State, 160 Tex. 256, 328 S.W.2d 294 (1959).

An analysis of the above quoted cases, which construe the applicable constitutional provisions, leads us to the conclusion that the legislature has the power and may authorize a state agency to retain its own legal counsel. However, the legislature cannot authorize a state agency to retain legal counsel to represent the agency in the courts since the Constitution places this duty upon the county and district attorneys or the Attorney General.

To state it another way, it is our opinion that the legislature may authorize a state agency to have its own "house counsel" but the Constitution prescribes that the county and district attorneys or the Attorney General shall represent the state (agencies) in the courts.

## S U M M A R Y

The Legislature may provide that a state agency retain its own legal counsel. However, the Legislature cannot authorize a state agency's legal counsel to represent the agency in court, since the Constitution places this duty upon the county and district attorneys or the Attorney General. Art. IV, Sec. 22 and Art. V, Sec. 21, Tex. Const.

Yours very truly,

WAGGONER CARR
Attorney General

By: James C. McCoy
James C. McCoy
Assistant

JCMcC:sck:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
John Reeves
Harold Kennedy
Pat Bailey
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright