

# THE ATTORNEY GENERAL

# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

July 26, 1972

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

ATTN: Jerry B. Schank
Assistant County Attorney

Opinion No. M- 1180

Re: Authority of County
Attorney of Harris
County, Texas, to in-
vestigate election
frauds.

Dear Sir:

Your request for an opinion on the above subject matter asks the following question:

"Is the County Attorney of Harris County au-
thorized to investigate allegations of election
frauds presented to him by written affidavits of
two or more reputable citizens under subsection
1 of Article 9.02 of the Election Code?"

Article 9.02 of the Texas Election Code requires the district and county attorneys, in the case of elections involving less than two counties, to investigate election frauds presented to them by written affidavits of two or more reputable citizens.

It is held in Shepperd v. Alaniz, 303 S.W.2d 846 (Tex.Civ. App. 1957, no writ), that it is the principal duty of the district and county attorneys to investigate and prosecute violations of all criminal laws, including election laws, and these duties cannot be taken away from them by the Legislature. See also Garcia v. Laughlin, 155 Tex. 261, 285 S.W.2d 191 (1955).

It is the primary duty of the District Attorney of Harris County to represent the State in criminal cases pending in the district and inferior courts of Harris County, Texas. Article 326k-26, Vernon's Civil Statutes.

It is the primary duty of the County Attorney of Harris County to represent the State, Harris County, and the officials of such county in all civil matters pending before the courts of Harris County, and any other courts where the State of Texas, Harris County, and the officials of such county have matters pending. Article 331h, Vernon's Civil Statutes.

Since the investigation of election frauds and the prosecution for the same are criminal matters, the primary duty to make such investigations falls on the District Attorney of Harris County rather than the County Attorney of Harris County. This does not, however, divest the County Attorney of Harris County of his constitutional power under the provisions of Article V, Section 21 of the Constitution of Texas. State v. Moore, 57 Tex. 307 (1882); Harris County v. Stewart, 91 Tex. 146, 41 S.W. 650 (1897); State ex rel. Hancock v. Ennis, 195 S.W.2d 151 (Tex.Civ. App. 1946, error ref. n.r.e.); State ex rel. Downs v. Harney, 164 S.W.2d 55 (Tex.Civ.App. 1942, error ref.); Shepperd v. Alaniz, supra; Garcia v. Laughlin, supra.

In view of the foregoing, you are advised that under the provisions of Article V, Section 21 of the Constitution of Texas and the provisions of Article 9.02 of the Texas Election Code, the County Attorney of Harris County is authorized to investigate election frauds. However, this investigation is the primary duty of the District Attorney of Harris County rather than the County Attorney of Harris County. Articles 326k-26 and 331h, Vernon's Civil Statutes.

## S U M M A R Y

The County Attorney of Harris County is authorized to investigate election frauds under the provisions of Article V, Section 21, Texas Constitution, and Article 9.02, Texas Election Code. However, this investigation is the primary duty of the District Attorney of Harris County rather than the County Attorney of Harris County. Articles 326k-26 and 331h, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Melvin Corley
Bob Lattimore
Jerry Roberts
Max Hamilton

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant