

# The Attorney General of Texas

October 9, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tim Curry
Criminal District Attorney
Tarrant County Courthouse
Fort Worth, Texas 76102

Opinion No. MW-66

Re: Authority of a district attorney to represent the applicant in a proceeding to commit a person to a residential care facility under the Mentally Retarded Persons Act of 1977.

Dear Mr. Curry:

You have asked whether the Criminal District Attorney of Tarrant County and his assistants have authority to represent the applicant in a commitment proceeding brought under section 37 of the Mentally Retarded Persons Act of 1977, V.T.C.S. article 5547-300.

The general statutory authority for the office of the Criminal District Attorney of Tarrant County is V.T.C.S. article 1926-42. This statute is authorized by article V, section 21 of the Texas Constitution. The statutory grant of authority for the Criminal District Attorney of Tarrant County, Texas, is stated in the following language:

> Sec. 3. It shall be the duty of said Criminal District Attorney or his assistants as herein provided to be in attendance upon each term and all sessions of the Criminal District of Tarrant County and of all sessions and terms of the County Court of Tarrant County, Texas held for the transaction of criminal business, and to represent the state in all matters pending before said courts, and to represent Tarrant County in all matters pending before such courts, the Commissioners Court of Tarrant County and Justice Courts and any other courts where said Tarrant County has pending business of any kind or matter of concern or interest. . . .

This statutory duty is consistent with the previously established theory in the State of Texas that county governments are creatures of the state created to carry out state policies.

The cases in Texas dealing with the authority of district and county attorneys have emphasized the joint nature of the state and county interests in that such cases have specifically authorized the district and county attorneys to act in matters as officials "representing the State." See, e.g., Garcia v. C. W. Laughlin, 285 S.W.2d 191 (Tex. 1955); State ex rel. Downs, et al v. Harney, 164 S.W.2d 55 (Tex. Civ. App. — San Antonio 1942, writ ref'd w.o.m.); State ex rel. Hancock v. Ennis, 195 S.W.2d 151 (Tex. Civ. App. — San Antonio 1946, writ ref'd n.r.e.), in which the court held that the legislature was without authority to restrict the powers of the county attorneys or district attorneys and the attorney general to represent the state. See also Attorney General Opinion V-503 (1948).

In view of the fact that the statute creating the office of the Criminal District Attorney of Tarrant County, Texas, and the case law of the State of Texas indicate that your office may represent the state and county in matters of interest to them, it is necessary to determine if the state and Tarrant County have a sufficient interest in the commitment of a person under V.T.C.S. article 5547-300 to authorize your office to represent an applicant in such a commitment. In most instances the moving party is the superintendent of the residential care facility or is another state official, and in such cases we believe it is clear that the state has an interest in the matter. In instances in which a state official is not the moving party, the state may also have an interest, but in such cases the determination will depend on the specific facts.

Article 5547-300, viewed in its entirety, is an act which sets forth the interest of the state, in protecting and safeguarding the rights of the mentally retarded persons and the public at large.  Thus representing the state's interest in appropriate commitment proceedings is a responsibility of the office of the criminal district attorney.

## SUMMARY

The Criminal District Attorney of Tarrant County and his assistants are authorized to represent the applicant in a proceeding to commit a person to a residential care facility under the Mentally Retarded Persons Act of 1977.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Martha Allen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Martha Allen
David B. Brooks
Walter Davis
Susan Garrison
William G Reid
Bruce Youngblood