

# The Attorney General of Texas

June 5, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller, Public Accounts
L.B.J. Building
Austin, Texas 78711

Opinion No. MW-191

Re: Authority of the Texas Prosecutors Coordinating Council to contract with an attorney to assist the district attorney to prepare and try a case

Dear Mr. Bullock:

The Texas Prosecutors Coordinating Council has presented you with a voucher for payment of legal services by a private attorney. You inform us that the Council employed an attorney to assist the district attorney for Bell County in preparing and trying a criminal case. This assistance was rendered in response to a request by the district attorney of Bell County. For purposes of this opinion, we assume, without deciding, that these facts are true and have been properly verified. You ask whether you may legally pay this claim. See Norris v. Bullock, 580 S.W. 2d 812 (Tex. 1979); Bullock v. Calvert, 480 S.W. 2d 367 (Tex. 1972); Attorney General Opinion O-184 (1939).

Funds appropriated to the Prosecutors Coordinating Council by the Legislature out of the Criminal Justice Planning Fund were vetoed by the governor. General Appropriations Act, Acts 1979, 66th Legislature, chapter 843 at 2445. The Council is operating on federal funds appropriated by the General Appropriations Act "for any purpose for which the Federal grant allocation, aid or payment was made... in carrying out the Council's duties." General Appropriations Act at 2465.

The appropriation to the Council is subject to the limitations set forth in Article V of the General Appropriations Act. It is the intent of the Legislature to restrict and limit by these provisions the conditions under which appropriated funds might be spent. The section V riders apply to federal funds appropriated by the General Appropriations Act. Section 42 of Article V provides as follows:

> Section 42. OUTSIDE LEGAL COUNSEL. Prior to expenditure of funds for retaining outside legal counsel, agencies and departments covered by this Act shall request the Attorney General to perform

> such services.   If the Attorney General cannot provide such services, he shall so certify to the requesting agency who may then utilize appropriated funds to retain outside counsel.

Acts 1979, 66th Leg., ch. 843 at 2917.  This rider was found to be constitutional in Attorney General Opinion H-268 (1974).  It constitutes a limitation on the appropriation to the Texas Prosecutors Coordinating Council.  None of its funds may be legally spent by any agency to employ "outside" legal counsel unless the Attorney General has been requested to perform the needed services and has certified his inability to do so. Attorney General Opinion H-268 (1974); see also Shepperd v. Alaniz, 303 S.W. 2d 846 (Tex. Civ. App. - San Antonio 1957, no writ).  (Attorney General could have assisted prosecution in district court at request of district attorney but did not have exclusive power to prosecute election frauds).  Since the Prosecutors Coordinating Council has not made the request nor received the certification required by section 42, you have no authority to pay the vouchers you inquire about.   In light of the application of article V, section 42, we need not address any other possible legal objections to this claim.

## SUMMARY

Before the Texas Prosecutors Coordinating Council may spend appropriated funds to hire an outside attorney to assist a district attorney in prosecution of a case, it must request the Attorney General to perform the services and receive his certification that he is unable to do so.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
James Allison
Jon Bible
Susan Garrison
Rick Gilpin
Bruce Youngblood