

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 31, 1990

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No.   JM-1215

Re:    Whether a commissioners
court may prescribe a pre-
vailing wage for certain con-
tracts, and related questions
(RQ-1977)

Dear Mr. Driscoll:

You ask the following three questions about county contracting practices:

> May Commissioners Court prescribe a pre-
> vailing wage for public works and non-public
> works contracts?
>
> May Commissioners Court require contractors
> and subcontractors performing such contracts
> to provide their employees with certain
> fringe benefits (i.e., health and hospitali-
> zation insurance and vacation leave)?
>
> May the Commissioners Court require an
> independent contractor to hire personnel who
> understand and speak English and whose
> assignment is subject to the approval of the
> County?

While you ask _may_ a commissioners court prescribe a prevailing wage for public works contracts, we believe that article 5159a, V.T.C.S., _requires_ the court to determine and pay prevailing wages on public works contracts. That statute reads, in pertinent part, as follows:

> The public body awarding any contract for
> public work on behalf of . . . any county
> . . . shall ascertain the general prevailing
> rate of per diem wages in the locality in
> which the work is to be performed for each
> craft or type of workman or mechanic needed

> to execute the contract, and shall specify in the call for bids for said contract, and in the contract itself, what the general prevailing rate of per diem wages in the said locality is for each craft or type of workman needed to execute the contract. . . .

V.T.C.S. art. 5159a, § 2.

The plain language of that provision requires the commissioners court to ascertain prevailing wage rates for public works contracts. The provision also requires the county to specify those rates both in the call for bids and in the contract itself. Attorney General Opinion JM-329 (1985).

All county contracts requiring an expenditure of more than $10,000 are governed by the County Purchasing Act, now codified at subchapter C of chapter 262 of the Local Government Code. That subchapter requires that such contracts be submitted to competitive bidding but does not require the payment of local prevailing wages.

Counties may do only those things that they are authorized to do, either expressly or by necessary implication. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941); Childress County v. State, 92 S.W.2d 1011 (Tex. 1936). While the legislature has required that counties determine and pay local prevailing wage rates on public works contracts, it has made no such requirement in regard to other contracts. As noted above, chapter 262 does not require the payment of prevailing wages generally. Nor do we find any other statute that expressly requires or necessarily implies that the commissioners court establish prevailing wage rates for contracts other than public works contracts.

We believe, in fact, that prescription of prevailing wages relative to contracts outside the scope of article 5159a would contravene the express intent behind chapter 262 that contracts be permitted on the basis of competitive bids. Of course, independent contractors may still be subject to other state and federal laws governing wages. See, 29 U.S.C. § 206 (federal minimum wage law); V.T.C.S. art. 5159d (Texas minimum wage law).

You next ask about fringe benefits. This office has recently reaffirmed a 1974 opinion that considered article 5159a and concluded that "a public body may properly

consider 'fringe benefits' in determining a prevailing wage rate for a particular locale." Attorney General Opinions JM-1164 (1990), H-350 (1974). Thus, we believe that if the commissioners court determines that local prevailing practice includes certain fringe benefits, those same benefits must be included in public works contracts governed by article 5159a.

With regard to your question concerning fringe benefits for non-public work, a specification requiring the adoption thereof must be directly related to the work performed. JM-1213 (1990).

Next, you ask about the county's authority to impose an English language requirement on the employees of an independent contractor who provides security personnel or janitorial services to the county. Further, you ask whether the county can approve the assignment of individual employees.

Section 262.025 of the Local Government Code requires publication of notice of the call for bids, including "the specifications describing the item to be purchased." Local Gov't Code § 262.025(b)(1). The term "item" in that statute includes a service. Local Gov't Code § 262.022(4). Thus, the competitive bidding provisions of chapter 262 apply to contracts for the services of security guards and janitors.

The leading Texas competitive bidding case is <u>Texas Highway Comm'n v. Texas Ass'n of Steel Importers, Inc.</u>, 372 S.W.2d 525 (Tex. 1963). In that opinion, the Supreme Court gave distinct, emphatic instruction on the manner of drafting contract specifications to avoid the possibility of limiting competition:

> Matters of quality should be fixed by quality specifications and not by proscriptions as to localities of manufacture or fabrication . . . . Why should not the term, "steel, free from rust" be used instead of "domestic steel" if that is the quality that is desired in re-enforcing materials used in highway construction?

<u>Id.</u> at 529. The court found that the highway commission rule requiring domestic steel violated the mandate of the competitive bidding statute.

Whether a certain specification is directly related to the work to be done is a fact question. You do not suggest any reason, however, that any or all janitors need to be proficient in English, or any other language. The communications skills required of security guards must be specific job requirements. See also, Attorney General Opinions JM-881 (1988) (specification that 25% of work must be performed by contractor's employees violates statute); MW-139 (1980) (specification that automobiles be domestically manufactured violates statute); H-1219 (1978) (specification that printing be done by union printers violates statute); H-1086 (1977) (limiting award on basis of bidder's domicile violates statute).

Your final concern, regarding the county's approval of the assignment of employees to specific work areas, arises from an incident wherein an employee of a contractor was assigned to clean the office of an assistant district attorney who was assigned to prosecute the employee in a criminal case. We believe that the county has the authority to ensure the efficient operation of its criminal justice system. See, e.g., Local Gov't Code § 291.001 (duty of commissioners court to provide public buildings); Gov't Code § 41.107 (authority for commissioners court to provide offices for county and district attorneys); Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941) (duty to provide public buildings includes duty to keep them habitable); see also, Tex. Const. art. V, § 21; Shepperd v. Alaniz, 303 S.W.2d 846 (Tex. Civ. App. - San Antonio 1957, no writ) (duty of prosecuting attorneys to investigate and prosecute all violations of criminal laws).

The proposed janitorial contract, which was filed with your request, contains a provision requiring the contractor, prior to starting the work, to submit to the county's contracting officer (or his representative) "a plan on which all daily cleaning assignments are identified to each employee (position), including schedule items and policing." Another provision allows the contracting officer's representative, in the exercise of reasonable discretion, to object to a particular employee and have that individual reassigned and replaced. We believe that these provisions are reasonably related to the quality of the work to be done and provide a reasonable method of safeguarding the operation of the county's criminal justice system.

Finally and in specific regard to security personnel, we note that a "guard company" or a "security services contractor" must be licensed under section 13(a) of article

4413(29bb), V.T.C.S.  Security personnel of a guard  company must be commissioned if they carry firearms, <u>id.</u> § 19(a), or registered if  they  do not, <u>id.</u> § 32(a).  Both  types  of employees and the company owner are subject to the  approval of local  law  enforcement  authorities.  <u>Id.</u> §§ 15(a)(9), 19(g),  33(c).  A  specification that  a  bidder  and  its employees be licensed, certified,  or registered under  that act would be directly related to the work to be done and may well  satisfy  the  security  concerns  of  the  prosecuting attorneys.

**S U M M A R Y**

A  commissioners  court  must    determine, require and pay local prevailing wage  rates, including fringe  benefits, on  public  works contracts.  They may not require the  payment of local prevailing wages on other contracts. Contract  specifications  must  be    directly related to the work to be done.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General