STATE ex rel. DOWNS et al. v. HARNEY, Sheriff.

No. 11227.

Court of Civil Appeals of Texas. San Antonio.

Aug. 5, 1942.

Rehearing Denied Aug. 8, 1942.

Gerald C. Mann, Benjamin Woodall, Edgar Pfeil, Fred C. Chandler, Wm. J. Fanning, Geo. W. Barcus, and Ocie Speer, all of Austin, for appellant.

J. B. Hubbard, B. D. Tarlton, and Jerry D'Unger, all of Corpus Christi, for appellee.

56

SMITH, Chief Justice.

This action, for the removal from office of the Sheriff of Nueces County, was brought in the name of the State, by the Attorney General, in the 94th District Court of that County, on the relation of a group of citizens of that County.

On the trial of the action on its merits, a jury found for the Sheriff on each of the numerous charges set up by the Attorney General, and upon that verdict the trial court rendered judgment denying removal of the Sheriff. The Attorney General has prosecuted this appeal from that judgment.

At the outset this Court is presented with the question of whether the Attorney General had any power to bring the action on the relation of private citizens. It is contended by the Sheriff that such suit for removal from office of a county official may be brought only by the district or county attorney, and may not be instituted by the Attorney General alone, or at the instance of private citizens.

■ As the powers and duties of the Attorney General are prescribed by the Constitution and Statutes, those powers must be limited to those so prescribed, and may not be enlarged by the courts.

■■ It may be said further that causes for removal of elective county officials are also prescribed by the Constitution and by such Statutes as are expressly or by necessary implication authorized in the Constitution; that causes for removal may not be extended by the courts or by statutes not expressly authorized by the Constitution. And where the Constitution or valid statutes authorized by the Constitution prescribe a method of procedure for such removal, such method is deemed exclusive so that the courts may not resort for such purpose to methods not so prescribed. With these elemental principles in mind we will consider the primary questions presented in the appeal.

It is provided in Art. 4, § 22, of the Constitution, Vernon's Ann.St., that the Attorney General shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party; that he shall inquire into charter rights of private corporations, and in the name of State take appropriate action in the regulation of private corporations, and "perform such other duties as may be required by law."

Under that authority the Legislature directed the Attorney General to "prosecute and defend all actions in the Supreme Court or the Courts of Civil Appeals in which the State may be interested." Art. 4395, R.S. 1925.

The causes of, and procedure for, removal of public officials are prescribed in "Title 100—Officers—Removal Of."

Under that title it is provided in Art. 5961, that State officials and judges of appellate and district courts shall be removable by impeachment, and in Arts. 5962 and 5963 proceedings for impeachment are prescribed.

Art. 5964 provides for removal by the governor of judges of appellate and district courts, commissioners of agriculture and insurance and of banking, upon address by two-thirds of the Legislature, through the procedure therein prescribed.

In Art. 5965 removal by the Supreme Court of district judges is provided, and the procedure therefor is prescribed in Art. 5966.

In Art. 5967 provision is made for removal by the governor of appointive state officers, by the procedure therein prescribed.

In Art. 5968 it is provided that conviction for any felony or misdemeanor involving official misconduct shall work immediate removal from office of any officer so convicted, and the judgment of conviction shall include an order of removal.

In Art. 5969 it is provided that the convicted officer may appeal from and supersede the order of removal, subject to suspension by the trial judge pending such appeal.

We come, next, to the statutes applicable to the case in hand. Art. 5970, which provides for removal of county officers by a district judge, is directly applicable to this case, and is as follows: "All * * * county officers * * * may be removed from office by the judge of the district court for incompetency, official misconduct or becoming intoxicated by drinking intoxicating liquor, as a beverage, whether on duty or not; * * *."

This article is based on Art. 5, § 24, of the State Constitution, as follows: "Sec. 24. County * * * officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes de-

fined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury."

Procedure for suits for removal under § 24, Art. 5, of the Constitution, and Art. 5970, including definitions of "incompetency" and "official misconduct," are prescribed in detail in Arts. 5971 through 5983.

Arts. 5984 through 5995 relate to specific officers, offenses, remedies and procedure not pertinent to this inquiry.

■ Art. 5996 relates to the articles of the Penal Code denouncing and penalizing nepotism. In this article it is provided that persons violating the penal acts prohibiting nepotism "shall be removed from his office, clerkship, employment or duty," as therein (in the Penal Code) mentioned, and, further, "Such removal from office shall be made in conformity to the provisions of the Constitution of this State concerning removal from office in all cases to which they may be applicable. All other removals from office under the provisions of this law shall be by quo warranto proceedings. All removals from any such position, clerkship, employment or duty aforesaid shall be summarily made, forthwith, by the appointing power in the particular instance, whenever the judgment of conviction in a criminal prosecution in the particular case shall become final; provided, that, if such removal be not so made within thirty days after such judgment of conviction shall become final, the person holding such position, clerkship or employment, or performing such duty, may be removed therefrom as herein provided with reference to removal from office."

Title 100 concludes with Art. 5997, which is as follows: "All quo warranto proceedings mentioned shall be instituted by the Attorney General in any district court of Travis County or in the district court of the county in which the defendant resides; the district or county attorney of the county in which such suit may be filed shall assist the Attorney General therein whenever he shall so direct."

The Attorney General contends that the provision in the Nepotism Act that "all other removals from office under the provisions of this law shall be by quo warranto proceedings," includes all actions for removal under the provisions of Title 100. We overrule this contention, for, by its own language, the quoted provision relates only to actions arising under the Nepotism Act, or Art. 5996, in which the quoted clause is embraced.

We believe we have set forth all the constitutional and statutory provisions which purport to define the powers and duties of the Attorney General. Under § 22, Art. 4, of the Constitution it is provided that the Attorney General "shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party * * * and perform such other duties as may be required by law." Under that authority the Legislature, in 1846, provided that the Attorney General shall prosecute and defend all actions in the Supreme Court or the Courts of Civil Appeals in which the State may be interested. Art. 4395. Under the Nepotism Act (Art. 5996), passed in 1909, by the authority granted in § 22, Art. 5 of the Constitution, the Legislature provided removals for violation of the provisions of that Act "shall be made in conformity to the provisions of the Constitution of this State concerning removal from office in all cases to which they may be applicable," but that "all other removals from office under the provisions of this (Nepotism) law shall be by quo warranto." Art. 5996. There is no provision, then, either in the Constitution or statutes empowering the Attorney General to institute proceedings to remove county officers, with the one exception—and it is a definite exception—that if a method of removing a violator of the Nepotism Act is not available under existing laws, then he may be removed by quo warranto proceedings. It is then provided in Art. 5997, which was a part of the Nepotism Act, that all quo warranto proceedings "mentioned" in that Act shall be brought by the Attorney General.

■ On the other hand, it is provided in § 21, Art. 5, of the Constitution, that " * * * The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature. * * *"

This power conferred upon the County Attorneys by the Constitution cannot be taken away by the Legislature and conferred upon the Attorney General. State v. Moore, 57 Tex. 307.

■ It is our considered judgment that, since there is no constitutional or statutory provision which vests in the Attorney General the power, or makes it his duty, to institute actions for the removal of county officers under the provisions of Art. 5, § 24, of the Constitution, and Art. 5970 of the Statutes, supra, the Attorney General cannot assert or exercise such power and duty in this action. We conclude that such power and duty vests in the county attorney under § 21, Art. 5, of the Constitution, quoted above, which provides that "the county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties."

■ The Attorney General contends that he is authorized to institute and maintain this action, concededly brought under Art. 5970, for the removal of county officers, under and by virtue of Title 111 providing for quo warranto proceedings. We cannot agree. Quo warranto proceedings are provided for in Art. 6253, of Title 111, as follows:

"Article 6253. Quo Warranto, when

"If any person shall usurp, intrude into or unlawfully hold or execute, or is now intruded into, or now unlawfully holds or executes, any office or franchise, or any office in any corporation created by the authority of this State, or any public officer shall have done or suffered any act which by law works a forfeiture of his office, or any association of persons shall act within this State as a corporation without being legally incorporated, or any corporation does or omits any act which amounts to a surrender or a forfeiture of its rights and privileges as such, or exercises power not conferred by law; or if any railroad company doing business in this State shall charge an extortionate rate for the transportation of any freight or passengers, or refuse to draw or carry the cars of any other railroad company over its lines as required by the laws of this State, the Attorney General, or district or county attorney of the proper county or district, either of his own accord or at the instance of any individual relator, may present a petition to the district court of the proper county, or any judge thereof in vacation, for leave to file an information in the nature of a quo warranto in the name of the State of Texas. If such court or judge is satisfied that there is probable ground for the proceeding, he shall grant such leave and order the information to be filed and process to issue."

It is obvious from the language of the Act that it is designed to prevent usurpation of office or authority by persons or associations or corporations not thereunto lawfully authorized, including officers who have forfeited the right to hold office. It cannot relate to the removal of officers under the provisions of Art. 5970, Title 100, for the enforcement of which the specific procedure is provided in detail in Art. 5971 et seq. in said Title 100.

To sum up, the Attorney General contends that the composite effect of the several Constitutional and statutory provisions mentioned at such length above is to give to this action the nature of a quo warranto proceeding; that therefore the Attorney General is granted the authority to bring this action to remove the sheriff from office upon the relation of private citizens and without the consent and joinder of the county or district attorney of Nueces County, whereas, the sheriff contends that the action being one to remove him from office for acts of misconduct prescribed in § 24, Art. 5, of the Constitution, and Art. 5970, R.S.1925, it is the exclusive province of the district and county attorneys to institute the proceedings under the provision of Art. 5, § 21, of the Constitution, requiring county attorneys to represent the State in all cases in the district and inferior courts in their respective counties.

We have reached the firm conclusion that the contentions of the sheriff must be sustained; that this purely local action to remove the sheriff of Nueces County should have been brought, if at all, by the district or county attorney of that county; that the action is not in the nature of quo warranto within the contemplation of the statute empowering the Attorney General to institute quo warranto proceedings.

Appellee points out and the Attorney General does not deny that in all the history of the State no case has been reported wherein a county official is sought to be removed at the instance of the Attorney General under the quo warranto statute. While this historical fact does not of itself foreclose against the Attorney General the question of his right to bring such action, yet it is highly persuasive against his position in this case.

■ The right of local self-government in the several counties of the State is one

of cherished value, and any attempt under vague or indefinite delegation of constitutional or statutory powers in derogation of that right should be frowned upon and strictly construed and applied by the courts.

There is no specific provision, nor one necessarily implied from express provision, that the Attorney General with the great powers of his office may invade any one or all of the 254 counties of the State for the purpose of removing county officials duly and legally elected by the sovereign people of the county to such office. This is particularly so in the presence of the power of the electorate of the several counties by vote to oust their officials who have proven recreant to their public trust. For example, the record in this case shows that appellee had gotten far into the second term of the office to which he had been legally elected and may be re-elected or ousted at their will by the electorate of the county at the general election less than three months from this date. Our Constitution and laws have provided rules of conduct for the guidance of county officials, and for their removal from office during current terms for infraction of those rules. The Constitution has set up district courts for Nueces County, and the people of that county elect district judges to whom the power of removal has been delegated, after sufficient findings of jurors residing in that county. The Constitution has by specific provision imposed upon county attorneys the duty of representing the State in all suits in their respective counties to which the State is a party, subject to specific cases in which the Attorney General is directed or authorized to act. And there being no express provision of the Constitution or laws, nor one necessarily implied therein, empowering the Attorney General to institute removal proceedings under the provisions of Art. 5, § 24, of the Constitution, or Arts. 5970 and 5977 of the Statutes, supra, this Court is not willing nor has it the discretion to decree such power.

Counsel for both parties have briefed the question in hand at great length and with much force and thoroughness, citing and discussing many authorities. But we see no occasion here to enter into any further discussion of the question or to analyze the many authorities presented, for none of those authorities is deemed decisively in point. We think it sufficient, in view of the nature of the case and the necessity for prompt disposition of it, to simply announce our conclusion, from what has been said, that such actions as this may be instituted only by the district or county attorney, and that the Attorney General alone may not initiate it. That being our conclusion it follows, as a matter of law, that since the proceeding was instituted without authority of law, the cause must be dismissed and it is so ordered.

Cause dismissed.