

# The Attorney General of Texas

April 29, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lloyd Doggett
Chairman
Jurisprudence, Human Resources, and
   State Affairs Committees
P. O. Box 12068
Austin, Texas   78711

Opinion No. JM-28

Re: Representation of office of Public Utility Counsel in court

Dear Senator Doggett:

You have requested our opinion on the following questions:

> 1. In consideration of article IV, section 22, and article V, section 21, of the Texas Constitution, may the legislature grant to the public utility counsel, as structured in Senate Bill No. 577, Senate Bill No. 5, or House Bill No. 887, the right to represent his office in a judicial proceeding?

> 2. Does Hill v. Texas Water Quality Board, 568 S.W.2d 738 (Tex. Civ. App. - Austin 1978, writ ref'd n.r.e.), Hill v. Lower Colorado River Authority, 568 S.W.2d 473 (Tex. Civ. App. - Austin 1978, writ ref'd n.r.e.), or article IV, section 22, of the Texas Constitution prohibit the Attorney General from representing the Office of Public Utility Counsel, as structured in Senate Bill No. 577, Senate Bill No. 5, or House Bill No. 887, on appeal to a judicial body?

We believe Attorney General Opinion MW-24 (1979) is dispositive of your first question. This opinion considered the constitutionality of legislation authorizing staff attorneys of the Department of Human Resources to represent that department in litigation over child support. The opinion noted that a constitutional question had arisen in light of article IV, section 22, and article V, section 21, of the Texas Constitution. These provisions read as follows:

> The Attorney General. . . shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party,

and shall especially inquire into the charter rights of all private corporations, and from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power or demanding or collecting any species of taxes, tolls, freight or wharfage not authorized by law. He shall, whenever sufficient cause exists, seek a judicial forfeiture of such charters, unless otherwise expressly directed by law, and give legal advice in writing to the Governor and other executive officers, when requested by them, and perform such other duties as may be required by law. He shall reside at the seat of government during his continuance in office. He shall receive for his services an annual salary in an amount to be fixed by the Legislature.

Tex. Const. art. IV, §22.

The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature. . . .

Tex. Const. art. V, §21. The opinion went on to state:

The conclusion drawn from a long history [of] case law indicates that the above officials alone have the constitutional authority to represent the state. Hill v. Texas Water Quality Board, 568 S.W.2d 738 (Tex. Civ. App. - Austin 1978, writ ref'd n.r.e.); Brady v. Brooks, 89 S.W. 1052 (Tex. 1905); Agey v. American Liberty Pipeline Co., 172 S.W.2d 972 (Tex. 1943); Adamson v. Connally, 112 S.W.2d 287 (Tex. Civ. App. - Eastland 1937, no writ); Allen v. Fisher, 9 S.W.2d 731 (Tex. 1928); Hancock v. Ennis, 195 S.W.2d 151 (Tex. Civ. App. - San Antonio 1946, writ ref'd n.r.e.); Attorney General Opinion M-856 (1971). However, this construction of the constitution does not require the Attorney General, district or county attorney, or authorized assistants, always to sign court

papers as attorney of record and actually litigate the suit in court.

The constitution gives the Attorney General authority to represent the department. He cannot constitutionally be deprived of his authority to control the litigation. See State v. Moore, 57 Tex. 307 (1882). So long as the Attorney General has continuing authority to intervene and control the lawsuit, the proposed legislation is constitutional. Maud v. Terrell, 200 S.W. 375 (Tex. 1918); Charles Scribner's Sons v. Marrs, 262 S.W. 722 (Tex. 1924); General Appropriations Act, Acts 1977, 65th Leg., ch. 872 at 2777. Representation by the department's staff attorneys would be construed to be with the implicit consent of the Attorney General. See V.T.C.S. art. 695c, §§18-B(b)(3), (e); General Appropriations Act, Acts 1977, 65th Leg., ch. 872, art. V, §41, at 3160 (court representative of the state) and §42, at 3161 (permitting outside counsel); Taylor v. Texas Department of Public Welfare, 549 S.W.2d 422 (Tex. Civ. App. - Fort Worth 1977, writ ref'd n.r.e.) (untimely objection that representation by department attorney violated article V, section 21); Postell v. Texas Department of Public Welfare, 549 S.W.2d 425 (Tex. Civ. App. - Fort Worth 1977, writ ref'd n.r.e.); cf. Collins v. State, 506 S.W.2d 293 (Tex. Civ. App. - San Antonio 1973, no writ); Attorney General Opinion M-249 (1968).

It concluded that the constitutional authority of the attorney general to represent the state could not validly be diminished by the proposed legislation. The staff attorneys of the Department of Human Resources could constitutionally represent the department in court subject to supervisory control of the attorney general. See also Attorney General Opinions MW-340 (1981); MW-191 (1980); H-1284 (1978); H-268 (1974); and M-866 (1971).

We believe the provisions of Senate Bill No. 577 authorizing the public utility counsel to represent his office in court are not constitutional unless the attorney general certifies his inability to represent the counsel and permits the public counsel to appear in court subject to the attorney general's supervision.

To the extent that House Bill No. 887 contemplates court representation by the public utility counsel, such provisions are constitutional only if construed so that his representation is subject

to the attorney general's supervisory control. Senate Bill No. 5 places the counsel under the attorney general; thus, the constitutional problem raised by your question is not present in Senate Bill No. 5.

You also ask whether the attorney general is prohibited from representing the office of the public utility counsel in court where the Public Utility Commission, also represented by the attorney general, is an adverse party. We have been unable to find a constitutional provision which would prevent the attorney general from representing opposing parties in a lawsuit. The attorney general has a duty under article IV, section 22, to represent the state in the supreme court. Where two state agencies are on opposite sides of a lawsuit, the attorney general is required to represent both agencies. In at least one case, the attorney general and three assistant attorneys general were counsel of record for one agency, while another assistant attorney general was counsel of record for the opposing party. Texas National Guard Armory Board v. McCraw, 126 S.W.2d 627 (Tex. 1939). In recent years, it has been the practice for one of two state agencies in litigation to be represented by outside counsel, while the other is represented by the attorney general. Riders to the general appropriations act have regulated this practice for several years. The riders which appear in the current appropriations act read in pertinent part:

> Sec. 40. COURT REPRESENTATION OF THE STATE. Except as otherwise provided by the Constitution or general or special statutes, the Attorney General shall have the primary duty of representing the State of Texas in the trial of civil cases, and none of the funds appropriated in this Act may be expended by any agency of the State Government to initiate a law suit or defend itself against any legal action unless such agency is represented in that particular action by the Attorney General or a member of his staff. . . . .

> Sec. 41. OUTSIDE LEGAL COUNSEL. Prior to expenditure of funds for retaining outside legal counsel, agencies and departments covered by this Act shall request the Attorney General to perform such services. If the Attorney General cannot provide such services, he shall so certify to the requesting agency who may then utilize appropriated funds to retain outside counsel.

General Appropriations Act, Acts 1981, ch. 875, art. V, §§40, 41, at 3815.

Article V, section 41, as it appeared in the Appropriations Act for fiscal 1974 to 1975, was discussed in Attorney General Opinion H-268 (1974). The opinion determined that the rider did not modify or amend general law. Insofar as it impliedly recognized authority in the attorney general to represent the state in court, it was merely declaratory of existing law. Although the rider authorized state agencies to employ outside counsel when the attorney general certified that he could not perform the needed services, it did not displace the constitutional authority of the attorney general under article IV, section 22, to represent the state in court.

Thus, although a state agency may be represented in court by outside counsel rather than by the office of the attorney general, the attorney general has the legal authority to represent that agency, and the outside counsel appears only with his consent. See Attorney General Opinions MW-24 (1979); H-268 (1974).

You specifically ask whether Hill v. Texas Water Quality Board, 568 S.W.2d 738 (Tex. Civ. App. - Austin 1978, writ ref'd n.r.e.) or Hill v. Lower Colorado River Authority, 568 S.W.2d 473 (Tex. Civ. App. - Austin 1978, writ ref'd n.r.e.), prohibit the attorney general from representing the office of the public utility counsel on appeal to a judicial body.

Language appearing in Hill v. Texas Water Quality Board, 568 S.W.2d 738 (Tex. Civ. App. - Austin 1978, writ ref'd n.r.e.), suggests that the attorney general cannot represent both sides in the lawsuit. The attorney general sued the Water Quality Board seeking to set aside orders regulating water pollution as unreasonable and arbitrary, and constituting a denial of equal protection. The court denied him standing on the ground that the constitution and statutes gave him the exclusive right to represent state agencies and therefore precluded him from suing the Water Quality Board. The court cited Maud v. Terrell, 200 S.W. 375 (Tex. 1918) on the exclusive right of the attorney general and district and county attorneys to represent the state and stated as follows:

> Thus, either the Attorney General or a county or district attorney may represent the State in a particular situation, but these are the only choices, whichever official represents the State exercises exclusive authority and if services of other lawyers are utilized, they must be 'in subordination' to his authority. To uphold the Attorney General's position would give rise to an intolerable situation which, as was aptly observed by the trial court, would put him on both sides of the lawsuit.

568 S.W.2d at 741.   The court did not consider cases in which the constitution and statutes placed the attorney general on opposite sides in a lawsuit.   The court also did not identify a constitutional or statutory provision which prohibited the attorney general from representing both sides in a lawsuit.   The quoted statement is dicta, because it is unnecessary to the decision.   The attorney general had no statutory or constitutional authority to represent any entity which was in conflict with the Water Quality Board.   He was instead relying on common law powers which the court concluded he did not possess. Hill v. Texas Water Quality Board does not, however, stand for the proposition that the legislature may not enact a statute authorizing the attorney general to sue a state agency.

In Hill v. Lower Colorado River Authority, 568 S.W.2d 473 (Tex. Civ. App. - Austin 1978, writ ref'd n.r.e.), the attorney general sought judicial review of the action of the Texas Water Rights Commission in granting a permit to Houston Lighting and Power Company, based on a contract between Houston Lighting and the Lower Colorado River Authority.   The court held that the attorney general had no authority to bring such a suit.   It discussed arguments relating to the common law powers of the attorney general and concluded as follows:

> We find in reviewing the cases decided by the courts of Texas a consistent adherence to the principle that the attorney general derives his power and authority in office from the Constitution and the laws of the State duly enacted by the Legislature.   It is further apparent that the duties and powers of the attorney general as expressed in the Constitution and in the statutes consistently ally the attorney general with the State as its counsel and advocate in its behalf, and nowhere do these grants of power arm the attorney general with authority to sue the State or any of its arms or agencies, even when the attorney general holds a view different from the decision or discretion exercised by an administrative agency.

568 S.W.2d at 480.   The court did not consider any situation where the legislature had enacted a statute authorizing the attorney general to sue the state or one of its agencies.

The opinion does not hold that the constitution forbids the legislature from enacting a statute that places the attorney general on both sides of a lawsuit.   The legislature has in fact done so in at least three instances.   The Texas Open Records Act, article 6252-17a, V.T.C.S., provides in section 8:

> if a governmental body refuses to request an
> attorney general's decision as provided in this
> Act, or to supply public information or
> information which the attorney general has
> determined to be a public record, the person
> requesting the information or the attorney general
> may seek a writ of mandamus compelling the
> governmental body to make the information
> available for public inspection.

This provision authorizes the attorney general to sue governmental
bodies, defined elsewhere in the Open Records Act to include agencies
within the executive branch of the state government. V.T.C.S. art.
6252-17a, §2(1)(A).

Article 6252-26, V.T.C.S., authorizes the attorney general to
defend officers and employees of the state against certain kinds of
lawsuits arising out of acts or omissions by that person in the scope
of his office or employment. Section 3(a) of article 6252-26 provides
in part:

> It is not a conflict of interest for the attorney
> general to defend a person or estate under this
> Act and also to prosecute a legal action against
> that person or estate as may be required or
> authorized by law if different assistant attorneys
> general are assigned the responsibility for each
> action.

Thus, while the attorney general defends an individual for actions
undertaken within the scope of his state office or employment, he may
at the same time sue that person, as long as different assistant
attorneys general are assigned to each action.

Article 5547-300, V.T.C.S., the Mentally Retarded Persons Act,
authorizes the attorney general to initiate actions in the name of the
state to enjoin violations of and enforce compliance with the
provisions of the act. Sec. 65. Another provision of the act
requires the attorney general to provide attorneys to defend employees
of the Department of Mental Health and Mental Retardation in any civil
action brought against them under the act. Sec. 66. Thus, when the
attorney general initiates an action against an employee of the
department to enforce compliance with the act, he must also provide a
defense for that person.

In neither Hill v. Texas Water Quality Board, nor Hill v. Lower
Colorado River Authority did the court rule on any statute authorizing
the attorney general to bring suit against a state agency or to
represent parties on opposing sides of a lawsuit. Thus, neither case

prohibits the attorney general from representing the Public Utility Counsel against the Public Utility Commission.

## S U M M A R Y

(1) The provisions of Senate Bill No. 577 and House Bill No. 887 authorizing the public utility counsel to represent his office in a judicial proceeding are not constitutional unless the attorney general certifies his inability to represent the counsel and permits the public utility counsel to appear in a judicial proceeding subject to the attorney general's supervision. (2) The legislature may constitutionally grant the attorney general the authority to represent the Office of Public Utility Counsel in a judicial proceeding adverse to the Public Utility Commission which is also represented by the attorney general.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger
Nancy Sutton