

# The Attorney General of Texas

April 26, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gary Thompson
Chairman
Committee on County Affairs
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78711

Opinion No. JM-26

Re:  Constitutionality of Committee Substitute House Bill No. 570 relating to continuing education requirement for a county treasurer

Dear Representative Thompson:

You have requested our opinion regarding the constitutionality of House Bill No. 570, presently pending in the Sixty-eighth Legislature. The bill provides, in pertinent part:

Article 1705a.  Continuing Education

Sec. 1.  In each calendar year during which a county treasurer will be in office at least six months, the treasurer must successfully complete a course of instruction in the performance of the duties of county treasurer.

Sec. 2.  A course required by this article must include at least 20 hours of instruction in an accredited public institution of higher education.

. . . .

Article 1706.  Office Declared Vacant.

The county judge shall declare the office of county treasurer vacant if the person elected treasurer fails to give the bonds required by article 1704, Revised Statutes, and take the official oath within twenty days after receiving his certificate of election.  If a treasurer. . . fails to demonstrate his continuing competency by successfully completing a course of instruction required by Article 1705a, Revised Statutes, he shall be removed from the office in the manner provided by law.

Article XVI, section 44, of the Texas Constitution establishes the office of county treasurer.  It reads as follows:

> The Legislature shall prescribe the duties and provide for the election by the qualified voters of each county in this State, of a County Treasurer and a County Surveyor, who shall have an office at the county seat, and hold their office for four years, and until their successors are qualified; and shall have such compensation as may be provided by law.

See Attorney General Opinion MW-59 (1979) (legislature not authorized to abolish office of county treasurer).  Article V, section 24, of the Texas Constitution provides for the removal of county officers.  This provision reads as follows:

> County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury.

The removal procedure is set out in articles 5970 through 5987, V.T.C.S.

The county treasurer is a county officer subject to removal under this provision.  In State ex. rel. Downs v. Harney, 164 S.W.2d 55 (Tex. Civ. App. - San Antonio 1942, writ ref'd w.o.m.), the court stated that causes for removal of elective county officials are prescribed by the constitution and by statutes expressly or by necessary implication authorized in the constitution.  The Harney court considered the appropriate procedure for removal of an officer who violated the nepotism law.  It did not question that violation of the nepotism law was a proper ground for removal.  The court in Garcia v. Laughlin, 285 S.W.2d 191 (Tex. 1955) considered the proper official to institute suit to remove a county officer for violation of the Nepotism Act without questioning the ground for removal.

We believe that the Legislature may authorize removal of a county treasurer for failure to complete the continuing education requirement defined in article 1705a, V.T.C.S.  The ground for removal is authorized under article V, section 24, of the Texas Constitution either as evidence of incompetency or as another cause "defined by law."  Consequently, we believe the amendment to article 1706, V.T.C.S., is valid on its face.  We do not address questions of

unconstitutionality in application for example if it were impossible to comply with the requirement set out in article 1705a due to the unavailability of the required course.

S U M M A R Y

The legislature is authorized to require elected county treasurers, as a condition of remaining in office, to successfully complete, in each calendar year, a course of instruction in the performance of their duties. House Bill No. 570 authorizing removal of the treasurer for failure to complete this requirement is not inconsistent with article V, section 24, of the Texas Constitution.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
David Brooks
Rick Gilpin
Jim Moellinger
Nancy Sutton