

# THE ATTORNEY GENERAL
# OF TEXAS

September 22, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. William M. Hale
Executive Director
Texas Commission on Human Rights
P. O. Box 13493
Austin, Texas    78711

Opinion No.  JM-791

Re: Authority of the Attorney
General to represent the Texas
Commission on Human Rights

Dear Mr. Hale:

You request an opinion on the authority of the attorney general
to represent the Texas Commission on Human Rights in litigation under
article 5221k, V.T.C.S., the Commission on Human Rights Act.  This
statute was enacted to implement federal policies against employment
discrimination embodied in title VII of the Civil Rights Act of 1964,
42 U.S.C. §2000e et seq.;  V.T.C.S. art. 5221k, §1.02(1).

The commission consists of six members appointed by the governor
with the advice and consent of the senate.  V.T.C.S. art. 5221k,
§3.01(a).  The commission has authority to meet and exercise its
powers anywhere within the state, except in a political subdivision
which has created a local commission of human relations pursuant to
sections 4.01 through 4.04 of article 5221k, V.T.C.S.  See Attorney
General Opinion Nos. JM-275, JM-228 (1984) (local human rights
commissions).  The commission may "receive, investigate, seek to
conciliate, and pass on complaints alleging violations of [article
5221k, V.T.C.S.], and file civil actions to effectuate the purposes of
this Act."  V.T.C.S. art. 5221k, §3.02(6); see also V.T.C.S. art.
5221k, §7.01(a) (commission's power to bring civil action).

The commission is a state agency with authority to bring civil
suits to carry out the purposes of article 5221k, V.T.C.S.  The
Commission on Human Rights Act does not expressly state that the
attorney general shall represent the commission.  It provides that the
commission has power

> to employ an executive director and authorize the
> employment of other staff members, including
> any necessary attorneys or clerks and other
> representatives or agents, and to fix the
> compensation of the executive director or
> other staff members, representatives, or agents.
> (Emphasis added.)

V.T.C.S. art. 5221k, §3.02(3). Prior opinions have determined that similar provisions do not limit the constitutional authority of the attorney general to represent the state in court, and that staff attorneys of a state agency may appear in court for the agency only in subordination to the authority of the attorney general. Attorney General Opinion MW-24 (1979); see also Attorney General Opinion Nos. JM-28 (1983); H-268 (1974); C-782 (1966) (overruled in part by Attorney General Opinion MW-24).

The courts have interpreted the constitution to confer upon the attorney general and the county or district attorney the exclusive authority to represent the state. Maud v. Terrell, 200 S.W. 375 (Tex. 1918). Article IV, section 22, of the Texas Constitution provides in part:

> The Attorney General . . . shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party, and shall especially inquire into the charter rights of all private corporations, and from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power or demanding or collecting any species of taxes, tolls, freight or wharfage not authorized by law. He shall, whenever sufficient cause exists, seek a judicial forfeiture of such charters, unless otherwise expressly directed by law, and give legal advice in writing to the Governor and other executive officers, when requested by them, and perform such other duties as may be required by law. . . .
> (Emphasis added.)

Article 4395, V.T.C.S., provides that

> [t]he Attorney General shall prosecute and defend all actions in the Supreme Court or the Courts of Civil Appeals in which the State may be interested.[1]

---

1. This provision has been recodified as section 402.021 of the Government Code, which became effective September 1, 1987. Acts 1987, 70th Leg., ch. 147, §§1, 8, at 648, 1064. The recodification substitutes "courts of appeals" for "Courts of Civil Appeals." Id. §1, at 648, 659.

Article V, section 21, of the Texas Constitution provides in part:

> The County Attorneys shall represent the State in
> all cases in the District and inferior courts in
> their respective counties; but if any county shall
> be included in a district in which there shall be
> a District Attorney, the respective duties of
> District Attorneys and County Attorneys shall in
> such counties be regulated by the Legislature.

Texas courts have held that the powers conferred by these constitutional provisions on the attorney general and the county or district attorney are exclusive, and that the legislature may not confer them on others or interfere with the right to exercise them. Maud v. Terrell, supra; Hill County v. Sheppard, 178 S.W.2d 261 (Tex. 1943); Brady v. Brooks, 89 S.W. 1052 (Tex. 1905); State v. Moore, 57 Tex. 307 (1882).

Article V, section 21 places on the county attorney the duty to represent the state in district and inferior courts, but the legislature has authority under article IV, section 22

> to create additional causes of action in favor of
> the State and intrust their prosecution, whether
> in the trial or in the appellate courts, solely to
> the Attorney General.

Maud v. Terrell, 200 S.W. at 376; State v. Walker-Texas Investment Co., 325 S.W.2d 209 (Tex. Civ. App. - San Antonio), writ ref'd n.r.e. per curiam sub nom. Smith v. State, 328 S.W.2d 294 (Tex. 1959) (relying on and explaining quoted language from Maud v. Terrell). Thus, even though article IV, section 22 expressly refers only to suits and pleas in the supreme court, this constitutional provision authorizes the legislature to extend the attorney general's representation of the state to the lower courts. The opinions in State v. Walker-Texas Investment Co., supra, discuss this legislative authority under article IV, section 22.

In Walker-Texas Investment Co., the attorney general brought suit in district court to enjoin defendant company from charging usurious interest. He acted under the express authority of former article 4646b, V.T.C.S., Acts 1943, 48th Leg., ch. 144, at 228. Defendants contended that the attorney general could not bring the suit on behalf of the state without the joinder of the district or county attorney and that article 4646b, V.T.C.S., was unconstitutional because it conflicted with article V, section 21, of the constitution. The court of civil appeals discussed case law in detail and concluded that

article 4646b, V.T.C.S., was constitutional.   In   enacting   that
statute, the legislature

> created a cause of action in favor of the State
> and authorized the Attorney General to bring and
> prosecute such an action in the district and
> inferior courts without the necessity of being
> joined by either the District or County Attorney
> of the county in which the suit is filed.

State v. Walker-Texas Investment Co., 325 S.W.2d at 212-13.   The
supreme court refused the application for writ of error, no reversible
error, in a per curiam opinion which included the following statement:

> Under the holding of this Court in Maud v.
> Terrell, 109 Tex. 97, 200 S.W. 375, it is clear
> that when the Legislature creates a new or
> additional cause of action in favor of the State
> it may also constitutionally authorize the
> Attorney General to prosecute such cause of action
> in both the trial and appellate courts of the
> State.

Smith v. State, 328 S.W.2d 294, 295 (Tex. 1959).

The Texas Constitution places in the attorney general and the
district or county attorney the exclusive power to represent the
state.   Article 5221k, V.T.C.S., would be unconstitutional if it
allowed any other attorney to represent the state, except in
subordination to the attorney designated by the relevant
constitutional provision. We assume that the legislature intended to
enact a constitutional statute. See Gov't Code §311.021(1).   We
therefore must read article 5221k, V.T.C.S., together with the
constitutional provisions we have discussed.   In article 5221k,
V.T.C.S., the legislature has created a new cause of action which may
be brought in district court by the attorney general or by other
attorneys subject to his supervision and control. See Maud v.
Terrell, supra; State v. Walker-Texas Investment Co., supra.   Since
article 5221k is administered by a state agency, and since the cause
of action it creates is a matter of statewide concern, the attorney
general and not the district or county attorney is the appropriate
officer to represent the commission in civil actions. See generally
Brady v. Brooks, 89 S.W. 1052 (Tex. 1905) (legislature, under
constitutional authority to assign attorney general additional duties,
may authorize him to sue for delinquent gross receipts taxes and
penalties in district court); Hill v. Texas Water Quality Board, 568
S.W.2d 738 (Tex. Civ. App. - Austin 1978, writ ref'd n.r.e.) (attorney
general has the exclusive right and power to represent state
agencies); Shepperd v. Alaniz, 303 S.W.2d 846 (Tex. Civ. App. - San

Antonio 1957, no writ) (it is principal function of district and county attorneys to prosecute the violations of criminal law); State v. Harney, 164 S.W.2d 55 (Tex. Civ. App. - San Antonio 1942, writ ref'd w.o.m.) (purely local action to remove sheriff should have been brought by district or county attorney, not attorney general) (holding approved in Garcia v. Laughlin, 285 S.W.2d 191 (Tex. 1955)). Any staff attorney or outside attorney employed by the commission may represent the commission in court only subject to the supervision and direction of the attorney general.

## SUMMARY

The attorney general has authority to represent the Texas Commission on Human Rights in litigation under article 5221k, V.T.C.S. Any staff attorney or other attorney employed by the commission may represent the commission in court only subject to the supervision and direction of the attorney general.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General